IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| **JERRY DAVID SAYERS,** | ) | |
| Petitioner, | ) | Civil Action No. 7:23cv00561 |
| | ) | |
| v. | ) | MEMORANDUM OPINION |
| | ) | |
| **HAROLD W. CLARK, Director,** | ) | By:  Robert S. Ballou |
| Respondent. | ) | United States District Judge |

Jerry David Sayers, a Virginia inmate proceeding *pro se*, has filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254, regarding his Tazewell County Circuit Court convictions for malicious wounding, attempted murder in a domestic fight, statutory burglary, and violation of a protective order.  He was sentenced to a total of 36 years in prison for these crimes on November 29, 2004.  Preliminary review of the petition pursuant to Rule 4 of the Rules Governing Habeas Corpus Cases Under § 2254 reveals that Sayers is challenging the sufficiency of the state habeas process and objecting to the state trial court's handling of his post-conviction motions, which he states deprived him of access to the courts and kept him from filing a timely state appeal.  The remedy he seeks is restoration of his right to have his post-conviction motions heard and his appeal rights restored.

Under § 2254, a proper petition challenges the legality of petitioner's detention pursuant to a state court judgment. 28 U.S.C. § 2254(a).  Sayer, however, is challenging the legality of post-conviction procedures and how they were handled in his case.  He is not in custody as a result of the state's handling of the post-conviction motions.  He is in custody because of the criminal judgment entered in November 2004.  That judgment became final when the appeals of the convictions ended or the time for appealing expired. 28 U.S.C. § 2244(d)(1)(A).  The Supreme Court of Virginia denied his appeal on June 26, 2008, and his petition for rehearing on

September 19, 2008.  Sayers had 90 days in which to petition the United States Supreme Court for certiorari, which he did not do.  The 90-day window ended on December 18, 2008, which is when the judgment under which he is in custody became final.  That judgment is the one that sentenced him to 36 years in prison.

The challenges to irregularities in the state post-conviction proceedings are not cognizable on federal habeas review.  *Bryant v. Maryland*, 848 F.2d 492, 493 (4th Cir. 1988).  A challenge to Virginia's state post-conviction proceedings cannot provide a basis for federal habeas relief.  *Wright v. Angelone*, 151 F.3d 151, 159 (4th Cir. 1998).

Because his claims are not cognizable on federal habeas review, I must dismiss his petition.

Enter:  November 6, 2023

/s/ Robert S. Ballou

Robert S. Ballou
United States District Judge